Josefa Rodríguez Collado, Appellant, *v.* Registrar of Property of San German, Respondent.

No. 808. Argued April 23, 1930.—Decided May 5, 1930.

*L. López de Victoria,* for appellant.   The registrar appeared by brief.

Mr. Justice Aldrey delivered the opinion of the court.

Josefa Rodríguez Collado, widow of Eugenio Muñoz Rodríguez, who died in 1911, in her own right and as the representative of her two minor grandchildren Gilberto and Carmen Muñoz y Muñoz, 14 and 12 years old, respectively, who are the children of Ofelia Muñoz Rodríguez, instituted a proceeding in the municipal court to establish a possessory title in their favor to a property of 4½ acres valued at $240, on which the petitioners are paying $4.32 in taxes to

the Insular Treasury. The petition alleged that Eugenio Muñoz Rodríguez purchased the said property in 1910, while married to Josefa Rodríguez Collado. The municipal court approved the proceeding and ordered the record of the possessory title in the registry. It appears from the decision of the court that it was also alleged in the petition that the said minors are orphans and that their only surviving grandparent is the petitioner, Josefa Rodríguez Collado.

The registrar of property of San Germán refused to record the possessory title to the property setting forth the grounds for his refusal in a lengthy decision, which may be summarized thus:

First: Because where a possessor dies without recording his property, his heirs must first record the said property in the name of the decedent and then in their own name if it appears from the evidence that decedent has been paying taxes on the property, which is the subject of a possessory title proceeding;

Second: Because the grandmother, petitioner herein, has assumed to act on behalf of her grandchildren without having first submitted any evidence to the court, or any supplementary documents in the registry, to show either the death of the parents of the said minors or of their paternal grandfather, since the death of these relatives, as a certain and juridical fact, can not be established by the mere statement of the petitioner grandmother for herself and on behalf of the minors as heirs of the deceased predecessor in interest, that they are the heirs of the decedent, and the witnesses who testified in the said proceeding confined their testimony to the fact of possession and the length thereof;

Third: Because no certificate has been produced to show that the petitioners are paying taxes as owners upon the property in question, citing subdivision third of section 391 of the Mortgage Law.

The present administrative appeal is directed against that refusal.

Sections 390 and 391 of the Mortgage Law authorize persons who are in possession of real property to institute judicial proceedings for the purpose of establishing a recordable possessory title if they hold no written title recordable; and hence the petitioners were entitled to institute such proceedings to establish their possession. It is true that in *López* v. *People*, 26 P.R.R. 417, in which a son instituted possessory title proceedings for the purpose of recording a property recorded in the name of his deceased father, it was declared, citing Odriozola, *Diccionario de Jurisprudencia Hipotecaria*, pp. 541–542; IV Galindo, *Legislación Hipotecaria* (3rd ed.), 726, and the decisions of the Division of Registries of Spain of January 11, 24 and 29, 1864, that when one in possession of unrecorded property dies, his heir may institute possessory proceedings for the purpose of recording the property belonging to the estate, first in the name of the decedent and then in the name of the heir; but such a declaration confined itself to acknowledging the right to adopt that method in recording a title acquired by inheritance, and does not exclude the right of the actual possessors to record the property directly in their name. The right to record the actual possession belongs to every possessor of property irrespective of the legal origin of such possession. (Decision of Division of Registries of Spain of October 29, 1878.) Even though a possessor should also hold title by inheritance, that would be no bar to his obtaining the record in his name of a possessory title. (Decisions of the Division of Registries of Spain of February 23, 1886, and March 21, 1889.) In *Rodríguez* v. *Registrar*, 15 P.R.R. 660, it was held that there is no provision of law requiring the record of an estate to be first made in the name of the predecessor in interest in order that it may thereafter be recorded in the name of his heirs.

According to the decision of the municipal court, the two witnesses who testified in the case confined their statements to the fact of the possession of the petitioners as owners and

to the period of its duration. No evidence whatever appears to have been introduced as to the death of the parents of the two minors, on whose behalf their maternal grandmother has assumed to act, or as to the death of their paternal grandmother, for the purpose of showing the right of the said maternal grandmother, under the law, to represent them in judicial proceedings. But the lack of such evidence constitutes only a curable defect, which does not preclude the record sought, since documentary proof of such deaths may be presented to the registrar in order to supply that omission.

It is stated in the decision of the court that the petitioners are paying the sum of $4.32 annually as taxes on the property involved in the possessory title proceeding herein, according to a certificate issued by the Treasurer of Porto Rico which was introduced in evidence and incorporated into the record of the case, although the said certificate is in the name of the predecessor in interest Eugenio Muñoz.

As we have seen, the petitioners herein are the widow and two grandchildren of Eugenio Muñoz, and in the case of *Rodríguez v. Registrar, supra,* this court decided the question now raised by the registrar, by declaring that where an estate is assessed for taxes in the name of the predecessor in interest, it can not be said that such taxes are being paid by a person other than those who have instituted the possessory title proceeding. Besides, it was also held in that case that, even if such a defect existed, it was curable and would not preclude the record.

The refusal of the registrar contains also the mention of a curable defect which is not disputed by the appellants.

The decision appealed from must be reversed and the record sought ordered with the curable defect mentioned by the registrar but not argued, and also with the similar defect of the failure to show the legal capacity of the said grandmother to represent her grandchildren in the present case.